THE STATE EX REL. VANCE, APPELLANT, *v.* MARIKIS; INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Vance v. Marikis* (1999), 86 Ohio St.3d 305.]

(Nos. 96–18 and 96–472—Submitted July 28,
1999—Decided September 1, 1999.)

*Reminger & Reminger Co., L.P.A.,* and *William R. Thomas,* for appellant.

*Betty D. Montgomery,* Attorney General, *Dennis L. Hufstader* and *William A. Thorman III,* Assistant Attorneys General, for appellees.

*Stewart Jaffy & Associates Co., L.P.A., Stewart R. Jaffy* and *Marc J. Jaffy,* urging reversal for *amicus curiae,* Ohio AFL–CIO.

*Scott, Scriven & Wahoff, William J. Wahoff, Richard Goldberg* and *Timothy E. Cowans,* urging affirmance for *amicus curiae,* Ohio Council of Retail Merchants.

*Bricker & Eckler* and *Charles D. Smith,* urging affirmance for *amici curiae,* Ohio Chapter of the National Federation of Independent Business and Ohio Farm Bureau Federation.

*Vorys, Sater, Seymour & Pease, Robert A. Minor* and *Robin R. Obetz,* urging affirmance for *amici curiae,* Ohio Manufacturers' Association and Ohio Self–Insurers' Association.

*Millisor & Nobil* and *Preston J. Garvin,* urging affirmance for *amicus curiae,* Ohio Chamber of Commerce.

––––––––––

**Per Curiam.** Two issues are presented: (1) Does "some evidence" support TTD termination? and (2) What is the proper date of termination? As to the former, we find that Dr. Purewal's report is "some evidence." Claimant attacks the report, asserting that it was invalidated by the later allowance of "thoracic sprain and myofascial pain syndrome." Dr. Purewal, however, examined claimant's entire back, including the thoracic region, and commented on the complaints of pain that presumably prompted claimant to seek recognition of thoracic sprain and myofascial pain syndrome. This distinguishes this case from *State ex rel. Richardson v. Quarto Mining Co.* (1995), 73 Ohio St.3d 358, 652 N.E.2d 1027.

In *Richardson,* the examining physician considered only the allowed condition of "lumbosacral strain" in assessing MMI. His examination did not encompass the other more serious allowed condition of "central disc herniation at L4–5 and L5–S1," causing us to declare that his report was not "some evidence" supporting TTD denial. In this case, claimant's additional conditions were thoracic sprain and myofascial pain syndrome, the manifestation of which was covered by Dr. Purewal's examination. Given the nature of claimant's additionally allowed conditions, we find that the commission did not abuse its discretion in finding that Dr. Purewal in effect considered all allowed conditions.

Turning to the remaining question, we find that it has already been answered by *State ex rel. Russell v. Indus. Comm.* (1998), 82 Ohio St.3d 516, 696 N.E.2d 1069, at syllabus:

"The appropriate date on which to terminate disputed temporary total disability compensation on the basis of maximum medical improvement is the date of the termination hearing, and the commission may not declare an overpayment for payments received by the claimant before that date."

Accordingly, we affirm that part of the court of appeals' judgment that finds "some evidence" supporting the commission's termination of TTD. The balance of the judgment is reversed.

*Judgment affirmed in part*
*and reversed in part.*

MOYER, C.J., RESNICK, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, J., dissents.

F.E. SWEENEY, J., dissents and would reverse the judgment of the court of appeals.