[This opinion has been published in *Ohio Official Reports* at 86 Ohio St.3d 305.]

THE STATE EX REL. VANCE, APPELLANT, *v.* MARIKIS; INDUSTRIAL

COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Vance v. Marikis*, 1999-Ohio-104.]

*Workers' compensation—Industrial Commission does not abuse its discretion in terminating temporary total disability compensation when its decision is supported by "some evidence"—Appropriate date on which to terminate disputed temporary total disability compensation on the basis of maximum medical improvement.*

(Nos. 96-18 and 96-472—Submitted July 28, 1999—Decided September 1, 1999.)

APPEALS from the Court of Appeals for Franklin County, No. 94APD12-1784.

_____

{¶ 1} Appellant-claimant Renotta Vance's 1988 workers' compensation claim was originally allowed for "pulled tendons-muscles in entire back, chip[ped] bone side of right foot." She began receiving temporary total disability compensation ("TTD") shortly thereafter.

{¶ 2} In 1991, Dr. Kenneth H. Doolittle II diagnosed "chronic back pain syndrome." He felt that an MRI was in order, and stated that if the MRI was indeed normal, claimant was capable of returning to her former position of employment.

{¶ 3} On September 17, 1992, Dr. S.S. Purewal examined claimant. Regarding claimant's complaints, he reported:

"Currently she complains of intermittent soreness between her shoulder blades which she states is worse in the morning when she wakes up. Occasionally she has lower back pain. There is no pain in her upper extremities or her lower extremities. Occasionally she feels some aching at the right foot in cold, damp weather, but there is no instability or giving out of the right ankle and foot. * * *

When questioned about her ability to return to work as a secretary and why she has not done so over the last three years, she stated that she is willing to try, but her physician, Dr. [William C.] Manthey, has stated that she is not ready. She was unable to explain that statement or explain and justify why she could not return to work as a secretary."

{¶ 4} Dr. Purewal's examination revealed normal findings and no objective symptomology. He concluded:

"This patient has mild subjective complaints of pain in the thoracic spine region with minimal degenerative changes in her discs as evidenced by the MRI. There is no reason why she cannot or could not have returned to her job as a secretary almost a couple of years ago[,] and the only explanation she has given to me is that her doctor stated that she was not ready.

"In my opinion, she is able to return to her former position of employment as a secretary or any other employment of that nature. She has reached maximum medical recovery and is not temporarily and totally impaired.

"She has received clearly excessive physical therapy treatments without justification and, in my opinion, no specific treatment is indicated other than her taking anti-inflammatory medications if and when needed based strictly on her subjective complaints."

{¶ 5} That December, claimant moved appellee Bureau of Workers' Compensation for the additional allowance of several conditions. She also sought a home whirlpool, heated mattress pad and orthopedic mattress, as well as "back pay for TTD compensation not received from 12-19-88 to present."

{¶ 6} On November 17, 1993, appellee Bureau of Workers' Compensation denied further TTD as of that date, based on a finding of maximum medical improvement ("MMI"). Claimant's appeal to a commission district hearing officer ("DHO") resulted in the additional allowance of "thoracic sprain [and] myofa[s]cial pain syndrome." The DHO vacated the bureau's termination of TTD and issued

her own order to the same effect, again terminating TTD as of November 17, 1993, based on MMI:

"This finding is based on the 9/17/92 state specialist report of Dr. Purewal. [The] District Hearing Officer further finds that the additional allowances made herein do not change the status of claimant's disability as Dr. Purewal included claimant's thoracic area in his exam, and as the diagnosis of myofa[s]cial pain syndrome appears consistent with his conclusion that claimant's pain complaints are subjective in nature."

{¶ 7} A staff hearing officer affirmed, writing:

"The newly allowed conditions of myofascial pain syndrome and thoracic sprain do not change the claimant's condition of permanency and maximum medical improvement. His [*sic*] condition is still permanent and [s]he has received maximum medical improvement according to the medical evidence from Dr. Purewal's report. This claim has been previously allowed for the 'entire back' and the treatment up to the current time has included these additionally allowed conditions."

{¶ 8} Reconsideration was denied.

{¶ 9} Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission had abused its discretion in terminating TTD. The court disagreed, after finding the commission's decision to be supported by "some evidence." Although the Industrial Commission had terminated TTD as of November 17, 1993, the court also stated that the commission "was within its discretion to terminate the temporary total disability compensation effective the date of Dr. Purewal's examination and to declare an overpayment for the funds received thereafter." Accordingly, the writ was denied. The court issued a judgment entry and a later corrected judgment entry. Claimant appealed from both, and the appeals have been consolidated.

{¶ 10} This cause is now before this court upon an appeal as of right.

―――――――――――

*Reminger & Reminger Co., L.P.A.,* and *William R. Thomas*, for appellant.

*Betty D. Montgomery*, Attorney General, *Dennis L. Hufstader* and *William A. Thorman III*, Assistant Attorneys General, for appellees.

*Stewart Jaffy & Associates Co., L.P.A., Stewart R. Jaffy* and *Marc J. Jaffy*, urging reversal for *amicus curiae*, Ohio AFL-CIO.

*Scott, Scriven & Wahoff, William J. Wahoff, Richard Goldberg* and *Timothy E. Cowans,* urging affirmance for *amicus curiae*, Ohio Council of Retail Merchants.

*Bricker & Eckler* and *Charles D. Smith*, urging affirmance for *amici curiae*, Ohio Chapter of the National Federation of Independent Business and Ohio Farm Bureau Federation.

*Vorys, Sater, Seymour & Pease, Robert A. Minor* and *Robin R. Obetz*, urging affirmance for *amici curiae,* Ohio Manufacturers' Association and Ohio Self-Insurers' Association.

*Millisor & Nobil* and *Preston J. Garvin,* urging affirmance for *amicus curiae*, Ohio Chamber of Commerce.

―――――――――――

*Per Curiam.*

{¶ 11} Two issues are presented: (1) Does "some evidence" support TTD termination? and (2) What is the proper date of termination? As to the former, we find that Dr. Purewal's report is "some evidence." Claimant attacks the report, asserting that it was invalidated by the later allowance of "thoracic sprain and myofascial pain syndrome." Dr. Purewal, however, examined claimant's entire back, including the thoracic region, and commented on the complaints of pain that presumably prompted claimant to seek recognition of thoracic sprain and myofascial pain syndrome. This distinguishes this case from *State ex rel. Richardson v. Quarto Mining Co*. (1995), 73 Ohio St.3d 358, 652 N.E.2d 1027.

{¶ 12} In *Richardson*, the examining physician considered only the allowed

condition of "lumbosacral strain" in assessing MMI. His examination did not encompass the other more serious allowed condition of "central disc herniation at L4-5 and L5-S1," causing us to declare that his report was not "some evidence" supporting TTD denial. In this case, claimant's additional conditions were thoracic sprain and myofascial pain syndrome, the manifestation of which was covered by Dr. Purewal's examination. Given the nature of claimant's additionally allowed conditions, we find that the commission did not abuse its discretion in finding that Dr. Purewal in effect considered all allowed conditions.

{¶ 13} Turning to the remaining question, we find that it has already been answered by *State ex rel. Russell v. Indus. Comm.* (1998), 82 Ohio St.3d 516, 696 N.E.2d 1069, at syllabus:

"The appropriate date on which to terminate disputed temporary total disability compensation on the basis of maximum medical improvement is the date of the termination hearing, and the commission may not declare an overpayment for payments received by the claimant before that date."

{¶ 14} Accordingly, we affirm that part of the court of appeals' judgment that finds "some evidence" supporting the commission's termination of TTD. The balance of the judgment is reversed.

*Judgment affirmed in part*
*and reversed in part.*

MOYER, C.J., RESNICK, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, J., dissents.

F.E. SWEENEY, J., dissents and would reverse the judgment of the court of appeals.

_____